

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

May 16, 2018

Mr. Joe A. Garcia
Executive Director
Manufactured Housing Division
Texas Department of Housing and
    Community Affairs
Post Office Box 12489
Austin, Texas 78711-2489

Opinion No. KP-0199

Re: Whether the authority granted by section 1201.461 of the Occupations Code to a manufactured home retailer to remove the label of a salvaged manufactured home is preempted by federal law (RQ-0194-KP)

Dear Mr. Garcia:

Regulations promulgated by the United States Department of Housing and Urban Development ("federal agency"), pursuant to the National Manufactured Housing Construction and Safety Standards Act of 1974 ("Act"), require that a manufactured home for sale or lease in the United States bear a label certifying its compliance with federal construction and safety standards. 24 C.F.R. § 3280.11 (describing certification label); *see generally* 42 U.S.C. §§ 5401–5426. You tell us that Hurricane Harvey damaged many retail manufactured homes within the State, and in the storm's aftermath, the Texas Department of Housing and Community Affairs Manufactured Housing Division ("state agency") issued an industry bulletin based on section 1201.461 of the Occupations Code directing retailers to remove certification labels from irreparably damaged homes.[1] *See* Attachments at 1 (Industry Bulletin No. 2017-002) ("For homes that cannot be repaired the Retailer should remove the . . . labels and send them to the [state agency] along with an Application for Statement of ownership electing the home as SALVAGE."); *see also* TEX. OCC. CODE § 1201.461(c) (providing that if a new manufactured home is scrapped, dismantled, or destroyed, or if an insurance company pays the full insured value of the home, the "retailer shall remove the label and surrender [it] . . . to the director for issuance of a statement of ownership that indicates that the home is salvaged"). Shortly after the bulletin's issuance, you tell us the federal agency advised that this procedure conflicts with federal procedures requiring third-party inspectors, known as Production Inspection Primary Inspection Agencies ("inspection agencies"), to "remove all . . . Labels from manufactured homes." Request Letter at 2. After reviewing the authorities cited by the federal agency as preempting Texas law, however, you tell us you "could not identify a conflict between our statute and the federal regulations" and that on

---

[1]Letter and Attachments from Mr. Joe A. Garcia, Exec. Dir., Tex. Dep't of Hous. & Cmty. Affairs, Mfd. Hous. Div., to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Nov. 27, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Attachments," respectively) (Attachments on file with the Op. Comm.).

its own website, the federal agency "provided different methods of how to handle salvaged manufactured homes." *Id.* You further tell us that in later communications, the federal agency advised that it reversed its position and was no longer asserting preemption.[2] Given these inconsistencies, you seek clarification as to whether federal law preempts the authority given to retailers under Texas law to remove certification labels. *Id.* at 1–2.

Passed by Congress to improve the quality of manufactured homes, the Act sets minimum construction and safety standards for manufactured homes. 42 U.S.C. § 5401. Congress expressly defined the preemptive reach of the Act, stating:

> Whenever a Federal manufactured home construction and safety standard established under this chapter is in effect, no State . . . shall have any authority either to establish, or to continue in effect, with respect to any manufactured home covered, any standard regarding the construction or safety applicable to the same aspect of performance of such manufactured home which is not identical to the Federal manufactured home construction and safety standard. Federal preemption under this subsection shall be broadly and liberally construed to ensure that disparate State or local requirements or standards do not affect the uniformity and comprehensiveness of the standards promulgated under this section nor the Federal superintendence of the manufactured housing industry as established by this chapter.

42 U.S.C. § 5403(d); *see also Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 517 (1992) ("Congress' enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted."). Federal regulations passed pursuant to the Act additionally contain express preemption provisions, providing in part:

> No State or locality may establish or enforce any rule or regulation or take any action that stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *The test of whether a State rule or action is valid or must give way is whether the State rule can be enforced or the action taken without impairing the Federal superintendence of the manufactured home industry as established by the Act.*

24 C.F.R. § 3282.11(d) (emphasis added).

We must therefore determine whether the authorization given to retailers under Texas law to remove certification labels from irreparably damaged homes impairs the federal superintendence of the manufactured home industry. *See id.* The Act provides that, upon delivery of a manufactured home, a manufacturer must provide a retailer with a label that is to be

---

[2]Telephone Conference with Amy Morehouse, Gen. Counsel, Tex. Dep't of Hous. & Cmty. Affairs, Mfd. Hous. Div. (Dec. 6, 2017).

"permanently affixed to each manufactured home" certifying that it "conforms to all applicable Federal construction and safety standards." 42 U.S.C. § 5415. The Act does not address the removal of a label from a manufactured home that no longer conforms to federal standards. *See id.* §§ 5401–5426. In your correspondence with the federal agency, however, it identified two provisions as preempting the Texas law. *See* Attachments at 24–26. Foremost, the federal agency asserted that its regulations, under 24 C.F.R. § 3282.362, require that only the inspection agencies remove a certification label from a damaged manufactured home. *Id.*; *see* 24 C.F.R. § 3282.362(c)(2)(i), (ii). These regulations contain numerous specifications for the certification label, including requiring that the "label shall be *provided* to the manufacturer only by the [inspection agencies]." 24 C.F.R. § 3282.362(c)(2)(i)(F) (emphasis added). The regulations do not, however, address the removal of a certification label from an irreparably damaged manufactured home. *See id.* § 3282.362(c)(2)(i), (ii).

The federal agency additionally asserted preemption under an informational bulletin it issued discussing procedures for the labeling of manufactured homes damaged in transit:

> If an [inspection agency] has no knowledge that a mobile home is damaged in transit, as will often be the case, *the [inspection agency] has no responsibility*. Further, *there is no requirement to inform the [inspection agency] that a home has been so damaged*, except when the manufacturer wants [inspection agency] approval of the repair or wants to replace the damaged unit. When an [inspection agency] knows that a home bearing its label has been damaged, it shall, at its discretion . . . red-tag the unit in question, or if the mobile home is going to be junked or destroyed rather than repaired, the [inspection agency] shall remove and destroy the label.

*See* Attachments at 15 (Informational Bulletin 2-77) (emphases added). Contrary to the federal agency's initial assertions, the plain language of the bulletin provides that when a manufactured home is damaged the inspection agencies will generally have no knowledge of the event nor responsibility, and "there is no requirement to inform [them]." *See* Attachments at 15. Rather, the federal bulletin requires only that a *manufacturer* contact the inspection agencies regarding a damaged manufactured home if it intends to repair or replace the damaged unit. *Id.* If contacted, the inspection agencies then at their discretion may either begin the process for approving repairs or destroy the certification label if the home cannot be repaired. *See id.*; *see also* 24 C.F.R. § 3282.362(c)(2)(i)(G) (describing process for inspection agencies to red-tag manufactured homes during repairs).[3]

Collectively, neither the Act nor these federal publications require a *retailer* to contact the inspection agencies to remove a certification label from an irreparably damaged home that no longer conforms to federal standards. Nor do these federal authorities vest the inspection agencies with the sole authority to remove such certifications. "The test of whether a State rule . . . is valid or must give way is whether the State rule can be enforced . . . without impairing the Federal

---

[3]As the federal bulletin does not conflict with Texas procedures, we need not address whether it has the potential to preempt state law.

superintendence of the manufactured home industry." 24 C.F.R. § 3282.11(d). As a retailer may remove a certification label from an irreparably damaged home under the authority granted by Texas law without impairing the federal superintendence of the manufactured home industry, the Act therefore does not preempt the authority given to retailers.

## S U M M A R Y

The National Manufactured Housing Construction and Safety Standards Act of 1974 does not preempt the authority provided to retailers of manufactured homes under Texas Occupations Code section 1201.461 to remove labels certifying compliance with federal standards from irreparably damaged manufactured homes.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

ASHLEY FRANKLIN
Assistant Attorney General, Opinion Committee